Lindenbaum v. Sells-Floto Shows Co., 201 Ill. App. 238.

## John Lindenbaum, Appellee, v. Sells-Floto Shows Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Vermilion county; the Hon. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the October term, 1915. Reversed and remanded. Opinion filed April 21, 1916.

## Statement of the Case.

Action by John Lindenbaum, plaintiff, against the Sells-Floto Shows Company, defendant, for personal

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

injuries. From a judgment for plaintiff, defendant appeals.

The declaration charged that plaintiff was at the time he was injured an employee of defendant as a performer in a circus; that one of his duties was to ride in street parades on an artillery wagon drawn by horses; that he had nothing to do with the management of the horses; that the management and control of the horses were in charge of other servants of defendant; that it was the duty of defendant to furnish plaintiff with a safe place to ride and a safe conveyance to ride on and to so manage the same as not to injure plaintiff. The only negligence charged was that defendant by its servants so negligently, carelessly and improperly drove and managed the horses attached to the artillery wagon on which plaintiff was riding that the horses ran away, the wagon was thrown against a pole and plaintiff, while in the exercise of due care for his own safety, was thrown from the wagon and injured.

CHARLES M. CRAYTON and JOHN M. BOYLE, for appellant; JOHN T. BOTTOM, of counsel.

O. M. JONES and WALTER T. GUNN, for appellee.

MR. JUSTICE GRAVES delivered the opinion of the court.

## Abstract of the Decision.

1. MASTER AND SERVANT, § 544*—*what declaration in action for injuries by another servant must allege.* In an action by a servant against his master for damages for an injury alleged to have resulted from the negligence of another servant of the master, the declaration must allege that the servant whose negligence caused the injury was not a fellow-servant of the plaintiff, or allege facts which will negative such relation.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

2. MASTER AND SERVANT, § 544*—*when declaration does not sufficiently aver nonexistence of fellow-servant relation.* In an action for injuries sustained by a circus employee while riding along a street on a circus wagon, resulting from the horses attached thereto becoming frightened and running away, as the result of the alleged mismanagement of them by the driver, an averment that the plaintiff had nothing to do with the management of the horses, *held* not a sufficient averment that the plaintiff and the driver were not fellow-servants.

3. MASTER AND SERVANT, § 760*—*when proximate cause of injury to employee question for jury.* Where, in an action by a circus employee for personal injuries from horses attached to a wagon in which the plaintiff was riding running away, there was evidence that if a bystander had not waved some object at the horses after they became unmanageable the accident would not have happened, the question of what was the proximate cause of the injury was *held* for the jury.

4. MASTER AND SERVANT, § 770*—*when direction of verdict in action for personal injuries improper.* In an action for personal injuries by an employee against his employer, an instruction directing a verdict for the plaintiff on proof by a preponderance of the evidence of the facts alleged in the declaration, *held* erroneous where the declaration failed to deny the assumption of risk by the plaintiff and that the servant, whose negligence was alleged to have caused the injury, was a fellow-servant of the plaintiff.

5. INSTRUCTIONS, § 89*—*when instruction on noncontrolling effect of number of witnesses erroneous.* An instruction charging the jury "you are not bound by the number of witnesses who may testify on one side or the other of any particular fact or state of facts," *held* incorrect, as, in some cases, where other things are equal, the number of witnesses may be controlling.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.